**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLANCA LISSETH JIMENEZ GUILLEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72463

Agency No. A206-136-650

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

Blanca Lisseth Jimenez Guillen petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing her appeal from the immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] Jimenez Guillen testified credibly that she was raped by two gang members after refusing to sell drugs on their behalf, and asserts that she was targeted on account of her political opposition to gangs and her membership in two particular social groups, orphans and young Salvadorian women who "refuse to be treated as gang property." We have jurisdiction, 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's conclusion that there was no nexus between the rape and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (as amended) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The men who assaulted Jimenez Guillen could not have known of her political opposition to their organization because she had never previously advocated against gangs, and the record reflects she was approached and threatened with violence before she ever expressed resistance to the gang's instructions. The one mistaken reference the BIA made to "theft" was harmless—there can be no doubt the BIA understood that Jimenez Guillen left El Salvador because she was raped. *Cf. Szalai v. Holder*, 572 F.3d 975, 982 (9th Cir.

---

[1] Jimenez Guillen's opening brief does not address the agency's CAT ruling, waiving any challenge. *Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014).

2009) (per curiam).

We agree with the BIA that the IJ's finding that Jimenez Guillen's assailants were "exclusively" motivated by general criminal intent forecloses any nexus between the rape and Jimenez Guillen's alleged membership in a particular social group comprised of orphans. *See Zetino*, 622 F.3d at 1016. We also agree that Jimenez Guillen failed to offer any evidence to suggest that she was targeted on account of her status as an orphan.

For these reasons, substantial evidence also supports the agency's finding that Jimenez Guillen's fear of future persecution bears no nexus to a protected ground.

Because substantial evidence supports the agency's nexus determinations, the agency permissibly concluded that Jimenez Guillen had failed to establish her eligibility for asylum and withholding of removal. We therefore need not consider whether her asylum application was timely.

**PETITION DENIED.**